RECEIVED
2005 AUG 11 A 10: 32

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PHOEBE U. LOVE,            )
    Plaintiff,             )
v.                         )   CIVIL ACTION NO. 3:05CV766-T
FOOT LOCKER STORES, INC.,  )   **JURY DEMAND**
    Defendant.             )

## COMPLAINT

**I. JURISDICTION**

1. The jurisdiction of the Court is invoked pursuant to the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e.

2. The Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §§1331, 1343(a)(4), 2201 & 2202.

3. Plaintiff timely filed her charge of sex discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment. The plaintiff filed her sex discrimination suit within 90 days after receipt of her right-to-sue notice being issued by the EEOC. A copy of the Right to Sue Notice is attached hereto as **Exhibit A.**

**II. PARTIES**

4. The plaintiff is a female citizen of the United States and a resident of the state

1

of Alabama. She was an employee of defendant Foot Locker Stores, Inc. at the time of the incidents complained of.

5. Defendant Foot Locker Stores, Inc. is a foreign corporation qualified with the Alabama Secretary of State to conduct business in Alabama. The sexual harassment complained of occurred at the Foot Locker store at 121 North College Street, Auburn, AL 36830 and was reported at the Foot Locker store at Colonial Mall, 1627 Opelika Road, Auburn, AL 36830.

### III. FACTUAL ALLEGATIONS

7. Plaintiff, a college student at Auburn University, worked as a sales associate at the Foot Locker store at 121 North College Street in Auburn, Alabama from May 2004 through December 2004, when here employment was terminated after she complained of sexual harassment by a supervisor.

8. During the first several months of her employment, Plaintiff enjoyed her job and worked well with her store manager.

9. However, when the manager quit in November 2004, Vantrell Williams became her direct supervisor at the Foot Locker outlet at 121 North College, Auburn, AL 36830.

10. From the first day Plaintiff worked with supervisor Williams, he made lewd comments about her anatomy, made passes at her and created an environment which made her feel uncomfortable. Williams described Ms. Love as a "freak" in reference to her breasts. Williams frequently cursed her or cursed at Plaintiff.

11. During the last week in November 2004, supervisor Williams physically assaulted Plaintiff when they were alone at work together. Williams pulled Plaintiff into

the back storage area, pushed her against the wall and attempted to kiss her. When Ms. Love resisted, Williams pulled out his penis and exposed himself and asked Plaintiff to touch his penis. Williams tried to unbutton Plaintiff's pants and touched her breasts.

12. Plaintiff complained of the incident. Because Williams was the only manager employed at the North College store, Williams drove to the Colonial Mall location and reported it to the manager, Tony. The manager offered to have Ms. Love write out a statement to be turned in when the District Manager came to town.

13. Plaintiff was given a "hotline" number, 1-800-991-6682, which turned out to be a customer service number.

14. In response to Plaintiff's sexual harassment complaint, Plaintiff's employment with Foot Locker was terminated. In fact, she was never placed on the work schedule after she complained.

15. Plaintiff was a victim of both hostile environment and tangible action sexual harassment.

## IV. CAUSES OF ACTION

### COUNT ONE -- TITLE VII HOSTILE ENVIORNMENT SEXUAL HARASSMENT

16. Plaintiff adopts and realleges all previous paragraphs as if fully set out herein.

17. This claim is brought against defendant Foot Locker Stores, Inc. Plaintiff was discriminated against and harassed because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff was subjected

to harassment by her Foot Locker supervisor Vantrel Williams, who physically assaulted her and exposed his penis to her and all the while forcing her to work in a hostile environment. The sexual harassment was continuing in nature and pervasive during Plaintiff's tenure with Foot Locker Stores, Inc. during the time Williams was her supervisor. Defendant Foot Locker Stores, Inc. had knowledge of the conduct and failed to take prompt and appropriate action, but instead terminated Plaintiff's employment when she complained.

18. Defendant acted with malice and/or reckless indifference toward plaintiff.

19. Because of such conduct, plaintiff suffered severe emotional distress, embarrassment, and humiliation, as well as pecuniary losses. Plaintiff continues to suffer such damages.

## COUNT TWO -- TITLE VII TANGIBLE ACTION SEXUAL HARASSMENT

20. Plaintiff adopts and realleges all previous paragraphs as if fully set out herein.

21. This claim is brought against defendant Foot Locker Stores, Inc. Plaintiff was discriminated against and harassed because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Plaintiff was subjected to harassment by her Foot Locker supervisor Vantrel Williams, who physically assaulted her and exposed his penis to her and all the while forcing her to work in a hostile environment. The sexual harassment was continuing in nature and pervasive during Plaintiff's tenure with Foot Locker Stores, Inc. during the time Williams was her

supervisor. Defendant Foot Locker Stores, Inc. had knowledge of the conduct and failed to take prompt and appropriate action, but instead terminated Plaintiff's employment when she complained.

22. Defendant acted with malice and/or reckless indifference toward plaintiff.

23. Because of such conduct, plaintiff suffered severe emotional distress, embarrassment, and humiliation, as well as pecuniary losses. Plaintiff continues to suffer such damages.

### COUNT THREE -- RETALIATION

24. Plaintiff adopts and realleges all previous paragraphs as if fully set out herein.

25. This claim is brought against defendant Foot Locker Stores, Inc.. Plaintiff was retaliated against for complaining of the pervasive unwanted sexual harassment by her supervisor, Vantrell Williams, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

26. As a result of the rejection of supervisor Williams's advances, Plaintiff's employment was terminated

27. Because of the termination, plaintiff suffered severe emotional distress, embarrassment, and humiliation, as well as pecuniary losses. Plaintiff continues to suffer such damages.

## V. PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully prays that this court will assume jurisdiction of this action and after trial:

    1. Issue a declaratory judgment that the policies, practices, procedures, conditions and customs of the defendant violates 42 U.S.C. §2000e, the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and the pendent state law claims.

    2. Grant the plaintiff a permanent injunction enjoining defendant, its agents, successors, employees, attorneys or others acting on its behalf from continuing to violate the named statutes.

    3. Enter an order requiring that the defendant make the plaintiff whole by awarding her reinstatement to the position from which she was terminated with back pay, front pay.

    4. Grant unto plaintiff compensatory damages, punitive damages and nominal damages as the jury determines appropriate.

    5. Grant unto plaintiff an award of litigation costs, attorney's fees, and expenses.

    6. Grant unto plaintiff such other relief available under statutory and common law as the cause of justice may require.

Respectfully,

W. Don Eddins (ASB-1424-S65W)
Attorney for Plaintiff
337 E. Magnolia Ave., Suite 3
Auburn, AL  36830
(334) 821-9981
Facsimile (334) 826-7700
doneddins@charter.net

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues of this cause.

Verified by:

Phoebe U. Love
Plaintiff