IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PHOEBE U. LOVE, | ) |
| | ) |
|     *Plaintiff,* | ) |
| | ) |
| vs. | )   Case No. 3:05-cv-766-T |
| | ) |
| FOOT LOCKER STORES, INC., | ) |
| | ) |
|     *Defendant.* | ) |

**DEFENDANT FOOT LOCKER'S ANSWER
TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant **FOOT LOCKER, INC., A DIVISION OF FOOT LOCKER RETAIL, INC.** ("**FOOT LOCKER**"), and for its Answer to Plaintiff Phoebe U. Love's Complaint, states as follows:

**JURISDICTION**

1. Foot Locker admits the allegations in Paragraph 1 of plaintiff's Complaint.

2. Foot Locker admits the allegations in Paragraph 2 of plaintiff's Complaint.

3. Foot Locker is without knowledge or information sufficient to form a belief as to plaintiff's allegation in Paragraph 3 that she is the victim of sexually discriminatory treatment, and therefore denies the allegation. Accordingly, Foot Locker denies that "Plaintiff timely filed her charge of sex discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment." Foot Locker admits that "Plaintiff filed her sex discrimination suit within 90 days after receipt of her right-to-sue notice being issued by the EEOC."

## PARTIES

4. Foot Locker admits the allegations in Paragraph 4 of plaintiff's Complaint.

5. Foot Locker admits that it is a foreign corporation qualified with the Alabama Secretary of State to conduct business in Alabama. Foot Locker is without knowledge or information sufficient to form a belief as to plaintiff's allegation that she is the victim of sexual harassment, and therefore denies that "[t]he sexual harassment complained of occurred at the Foot Locker store at 121 North College Street, Auburn, AL 36830 and was reported at the Foot Locker store at Colonial Mall, 1627 Opelika Road, Auburn AL 36830."

6. Paragraph 6 omitted from plaintiff's Complaint.

## FACTUAL ALLEGATIONS

7. Foot Locker admits that plaintiff worked as a sales associates at the Foot Locker store at 121 North College Street in Auburn, Alabama from May 2004 through December 16, 2004. Foot Locker denies all other allegations in Paragraph 7 of plaintiff's Complaint.

8. Foot Locker is without knowledge or information sufficient to form a belief as to plaintiff's allegations in Paragraph 8, and therefore denies the allegations.

9. Foot Locker denies the allegations in Paragraph 9 of plaintiff's Complaint.

10. Foot Locker denies the allegations in Paragraph 10 of plaintiff's Complaint.

11. Foot Locker denies the allegations in Paragraph 11 of plaintiff's Complaint.

12. Foot Locker denies the allegations in Paragraph 12 of plaintiff's Complaint.

13. Foot Locker denies the allegations in Paragraph 13 of plaintiff's Complaint.

14. Foot Locker denies the allegations in Paragraph 14 of plaintiff's Complaint.

15. Foot Locker denies the allegations in Paragraph 15 of plaintiff's Complaint.

## CAUSES OF ACTION

### Count One – Title VII Hostile Environment Sexual Harassment

16. Foot Locker incorporates all previous paragraphs as if fully set out herein.

17. Foot Locker denies the allegations in Paragraph 17 of plaintiff's Complaint.

18. Foot Locker denies the allegations in Paragraph 18 of plaintiff's Complaint.

19. Foot Locker denies the allegations in Paragraph 19 of plaintiff's Complaint.

### Count Two – Title VII Tangible Action Sexual Harassment

20. Foot Locker incorporates all previous paragraphs as if fully set out herein.

21. Foot Locker denies the allegations in Paragraph 21 of plaintiff's Complaint.

22. Foot Locker denies the allegations in Paragraph 22 of plaintiff's Complaint.

23. Foot Locker denies the allegations in Paragraph 23 of plaintiff's Complaint.

### Count Three – Retaliation

24. Foot Locker incorporates all previous paragraphs as if fully set out herein.

25. Foot Locker denies the allegations in Paragraph 25 of plaintiff's Complaint.

26. Foot Locker denies the allegations in Paragraph 26 of plaintiff's Complaint.

27. Foot Locker denies the allegations in Paragraph 27 of plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations and/or repose.

3. Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to reasonably mitigate her alleged damages.

4. Foot Locker alleges that some or all of plaintiff's claims are barred by the exclusive remedy provisions of the Alabama Worker's Compensation Law.

5. Foot Locker alleges that some or all of plaintiff's claims are barred as plaintiff failed to timely exhaust her administrative remedies.

6. Foot Locker alleges that plaintiff's claims are barred in whole or in part by the doctrines of laches, unclean hands, waiver, and/or estoppel.

7. Foot Locker alleges that some or all of plaintiff's claims are barred as Foot Locker acted in good faith to comply with all applicable laws and any alleged discrimination, harassment or other wrongdoing is contrary to Foot Locker's good faith efforts and not ratified by Foot Locker.

8. Foot Locker alleges that plaintiff's claims are barred in whole or in part as any alleged discriminatory, harassing or wrongful conduct was outside the scope of employment of any of Foot Locker's employees.

9. Foot Locker alleges that plaintiff's Complaint, to the extent that it seeks punitive damages, violates Foot Locker's rights to procedural due process under the 14th Amendment of the United States Constitution and/or the Constitution of the State of Alabama, and violates Foot Locker's rights to substantive due process as provided in the 5th and 14th Amendments to the United States Constitution and/or the Constitution of the State of Alabama.

10. Foot Locker states that plaintiff is not entitled to a jury trial on some or all of her claims.

11. Foot Locker states that it was never the employer of Vantrell Williams.

12. Foot Locker states that it exercised reasonable care to prevent and promptly correct any alleged discriminatory or harassing behavior.

13. Foot Locker states that plaintiff unreasonably failed to take advantage of Foot Locker's corrective opportunities or failed to avoid harm otherwise.

14. Foot Locker states that it neither made any decision nor took any action that was motivated by a reckless or conscious disregard of plaintiff's State or Federally protected rights.

15. Foot Locker reserves its rights to assert such other or further defenses as may become apparent through discovery or otherwise including but not limited to the defense of after acquired evidence.

WHEREFORE, Foot Locker respectfully prays that this Court dismiss plaintiff's Complaint with prejudice, enter judgment in favor of Foot Locker, and award Foot Locker its costs, attorneys' fees, and such other relief as may be deemed just and equitable.

Respectfully submitted,

DAVID E. ALLRED, P.C.

By: _____
DAVID E. ALLRED

1774 Taliaferro Trail
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:    (334) 396-9977

SHOOK, HARDY & BACON L.L.P.

WILLIAM C. MARTUCCI*
TIM J. RIEMANN*
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone:   (816) 474-6550
Facsimile:    (816) 421-5547
* Messrs. Martucci and Riemann are prospective
*pro hac vice* admittees to this Court.

ATTORNEYS FOR DEFENDANT
FOOT LOCKER STORES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that I have this 6th day of September electronically filed the foregoing *Defendant Foot Locker's Answer to Plaintiff's Complaint* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Eastern Division, using the CM/ECF system, and a copy has also been served upon the following counsel of record by placing a copy of same in the United States Mail, first-class postage prepaid:

W. Dons Eddins
337 E. Magnolia Avenue, Suite 3
Auburn, Alabama 36830

_____
OF COUNSEL